**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-1638

VOLVO GROUP NORTH AMERICA, LLC, d/b/a Volvo Trucks North America;
KENWORTH TRUCK COMPANY,

       Plaintiffs – Appellees,

  v.

TRUCK ENTERPRISES, INCORPORATED, a Virginia corporation; JAMES E.
HARTMAN; TRUCK ENTERPRISES ROANOKE, INC, a Virginia corporation;
TRUCK ENTERPRISES LYNCHBURG, INC, a Virginia corporation; TRUCK
ENTERPRISES HAGERSTOWN, INC, a Virginia corporation,

       Defendants – Appellants.

Appeal from the United States District Court for the Western District of Virginia, at
Roanoke.  Elizabeth Kay Dillon, District Judge.  (7:16-cv-00025-EKD)

Argued:  May 9, 2018                        Decided:  May 25, 2018

Before THACKER and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ARGUED:**  Michael G. Charapp, CHARAPP & WEISS, LLP, McLean, Virginia, for
Appellants.  Thomas D. Warren, BAKER & HOSTETLER LLP, Cleveland, Ohio, for
Appellees.  **ON BRIEF:**  Brad D. Weiss, CHARAPP & WEISS, LLP, McLean, Virginia;
Mark B. Callahan, CLARK & BRADSHAW, P.C., Harrisonburg, Virginia, for
Appellants.  Billy M. Donley, David R. Jarrett, Houston, Texas, G. Karl Fanter, BAKER
& HOSTETLER LLP, Cleveland, Ohio, for Appellee Volvo Group North America, LLC.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In January 2016, Volvo Group North America ("Volvo") sued one of its dealers, Truck Enterprises, Inc. ("TEI"),[1] to stop the proposed sale of TEI to Transport Equipment Company, Inc. ("TEC"). Volvo and TEI, which also sold trucks for Kenworth and Isuzu, agreed that Volvo had a manufacturer's statutory right of first refusal under Virginia law.[2] However, they disagreed as to the scope of this right of first refusal. Volvo asserted that its right of first refusal allowed it to purchase only the Volvo-related assets of TEI. Conversely, TEI asserted that the right of first refusal could be exercised only to purchase TEI under the terms of its arrangement with TEC, i.e., Volvo must purchase everything TEI owns, including its multi-brand inventory.

After the district court stayed TEI's proposed sale, Volvo and TEI filed cross-motions for summary judgment. The district court denied TEI's motion for summary judgment and granted summary judgment in favor of Volvo. TEI now appeals the order of the district court.

TEI primarily argues the district court erred as a matter of law because Virginia's statutory right of first refusal does not allow Volvo to exercise its right over just the Volvo-related assets of TEI. We review a grant of summary judgment de novo, viewing

---

[1] For purposes of this opinion, "TEI" includes all of the Defendant/Appellants: Truck Enterprises, Incorporated; James E. Hartman; Truck Enterprises Roanoke, Inc.; Truck Enterprises Lynchburg, Inc.; and Truck Enterprises Hagerstown, Inc.

[2] Volvo's dealership agreement with TEI also granted Volvo a right of first refusal, but it is not relevant here.

the evidence and all reasonable factual inferences in favor of the non-moving party. *See Lee Graham Shopping Ctr., LLC v. Estate of Kirsch*, 777 F.3d 678, 681 (4th Cir. 2015).

After carefully reviewing the record and the order of the district court, and having had the benefit of oral argument, we agree with the district court that Volvo's right of first refusal applies to the Volvo-related assets of TEI and that TEI cannot force Volvo to expand the scope of the right of first refusal by bundling in its non-Volvo assets. We therefore affirm substantially for the reasons stated by the district court. *See Volvo Group North America, LLC v. Truck Enterprises, Inc. et al*, 7:16-cv-00025-EKD (W.D.Va. Mar. 31, 2017).

*AFFIRMED*

4